630 P.2d 1053

**MULTIBANCO COMERMEX, S. A., a Mexican Corporation, Plaintiff/Appellant,**

v.

**Arnoldo GONZALEZ H., aka Arnoldo Gonzalez Hernandez and Maria Teresa Gonzalez, husband and wife, Defendants/Appellees.**

No. 2 CA–CIV 3851.

Court of Appeals of Arizona, Division 2.

May 7, 1981.

Rehearing Denied May 27, 1981.

Review Denied June 23, 1981.

Law Offices of Dennis T. Fenwick, P. C. by Dennis T. Fenwick, Nogales, for plaintiff/appellant.

Larson, Soto & Machado by Jose Luis Machado, Nogales, for defendants/appellees.

## OPINION

HOWARD, Judge.

Is a judgment of a Mexican court a "foreign judgment" within the meaning of A.R.S. Sec. 12–1701 of the Uniform Enforcement of Foreign Judgments Act? We hold that it is not and affirm.

Appellant filed in the Superior Court of Santa Cruz County, eight Mexican judgments which it sought to enforce under the Uniform Enforcement of Foreign Judgments Act, A.R.S. Sec. 12–1701 et seq. Pursuant to appellees' motion, the trial court quashed the judgments.

A.R.S. Sec. 12–1701 states that " 'foreign judgment' means any judgment . . . which is entitled to full faith and credit in this state." Appellant contends that a judgment from Mexico is a foreign judgment and is entitled to full faith and credit. We do not agree. The "full faith and credit" that is referred to in 12–1701 is the full faith and credit that is required by the Constitution of the United States, Art. IV, Sec. 1, which states: "Full Faith and Credit shall be given in each State to . . . judicial Proceedings of every other State. . . ." This means that full faith and credit must be given to the judicial proceedings of a sister state but not to judgments from foreign countries.

Affirmed.

BIRDSALL, J., and ROBERT J. HOOKER, Superior Court Judge, concur.

NOTE: Chief Judge JAMES D. HATHAWAY having recused himself in this matter, Judge ROBERT J. HOOKER was called to sit in his stead and participate in the determination of this decision.